UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
NOEL COWARD,

        Plaintiff,

  -against-                       **MEMORANDUM AND ORDER**
                                        16-4848 (FB)
THE CITY OF NEW YORK, ARIAS J.
ELIOT, and LUCIOUS B. JOHNSON,

        Defendants.
--------------------------------------------------x

*Appearances:*
*For the Plaintiff*                           *For the Defendant*
ROBERT JOSEPH DI GIANNI, JR.      JOSEPH AARON GUTMANN
159 20th Street, Suite 1B-20            New York City Law Department
Brooklyn, New York 11232               100 Church Street
                                                      New York, New York 10007

**BLOCK, Senior District Judge:**

      Pursuant to Federal Rule of Civil Procedure 56(a), the City of New York, Arias J. Eliot, and Lucious B. Johnson (together, "defendants") move for summary judgment to dispose of Noel Coward's ("plaintiff") 42 U.S.C. § 1983 case against them.

      On June 8, 2015—in the settlement of a separate matter against the City of New York—plaintiff executed a general release discharging the City and "all past and present officials, employees, representatives, and agents of the City . . . from any and all liability, claims, or rights of action alleging a violation of [plaintiff's] civil rights . . . from the beginning of the world to the date of [the] General Release . . . ." Defendants argue that the general release is a legal bar to the current suit; plaintiff argues that the release is

ambiguous on its face, and also that he did not knowingly and voluntarily enter into the release because he believed he was releasing the City only from the claims in the case he was settling.

Plaintiff's argument is wholly without merit. "[A] party cannot create an ambiguity in an otherwise plain agreement merely by 'urging different interpretations . . . .'" *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999) (quoting *Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990)). The language of the release—discharging *"any and all* liability . . . "from *the beginning of the world* to the date of [the] General Release"—is "unambiguous, and bars all claims arising out of past events." *Muhammad v. Schriro*, No. 13-cv-1962, 2014 WL 4652564, at *5 (S.D.N.Y. Sept. 18, 2014) (finding a similar general release unambiguous); *see also Cuadrado v. Zito*, No. 13-cv-3321, 2014 WL 1508609, at *3 (S.D.N.Y. Mar. 21, 2014) (finding the same language in a general release unambiguous); *Walbrook v. Reilly*, 56 F. Supp. 3d 176, 177 (E.D.N.Y. 2014) (finding a similar general release unambiguous). This Court "take[s] care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Red Ball*, 173 F.3d at 484. And plaintiff's conclusory argument that he did not knowingly enter into the release is unpersuasive, particularly because the same attorney representing him in this matter represented him when he signed the unambiguous

general release. Therefore, defendants' motion for summary judgment is GRANTED.

Defendants' motion for sanctions is DENIED without prejudice to renew in a separate motion. *See* Fed. R. Civ. Pro. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).").

**SO ORDERED**

          /S/ Frederic Block
          FREDERIC BLOCK
          Senior United States District Judge

Brooklyn, New York
July 12, 2017