UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

NOEL COWARD,

        Plaintiff,

  -against-

CITY OF NEW YORK, ARIAS J. ELIOT,    **MEMORANDUM AND ORDER**
and LUCIOUS B. JOHNSON,    1:16-cv-4848(FB)

        Defendants.

---------------------------------------------------x

*Appearances:*
*For the Plaintiff*                                     *For the Defendant*
ROBERT JOSEPH DI GIANNI, JR         JOSEPH AARON GUTMANN
159 20th Street, Suite 1B-20            New York City Law Department
Brooklyn, NY 11232                          100 Church Street
                                                      New York, NY 10007

**BLOCK, Senior District Judge:**

      Defendants seek sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of this Court against plaintiff for filing this lawsuit, which they argue was frivolous. Defendants' motion is denied.[1]

      Plaintiff filed this action on August 30, 2016, claiming defendants violated his civil rights during an August 30, 2013 arrest proceeding. However, on June 8, 2015, in a prior action, plaintiff settled and signed a general release that released defendants from "any and

---

[1] Plaintiff, in his opposition, seeks counter-sanctions for an alleged misrepresentation of fact regarding defendants' attorney's work experience in defendants' motion for sanctions. Defendants explained the disputed fact to the Court's satisfaction in their reply, so the Court denies this counter-motion.

all liability, claims, or rights of action alleging a violation of [plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this general release . . . ." Gutmann Decl., Exh. A. Defendants successfully moved for summary judgment on the basis that this general release barred the present action. Defendants then moved for sanctions.

"Rule 11 is violated when it is 'clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'" *Gurary v. Winehouse*, 235 F.3d 792, 798 (2d Cir. 2000) (quoting *Simon DeBartolo Group, L.P.*, 186 F.3d 157, 167 (2d Cir. 1999)).

Plaintiff argues that his complaint was not frivolous because he reasonably, if incorrectly, believed that the general release only applied to claims arising from the same facts as the original lawsuit. While plaintiff's interpretation of the general release is strained, a weak argument is not necessarily frivolous.

Notably, for the key proposition that existing precedent has established that similarly-worded general releases bar unrelated claims as a matter of law, defendants cite only district court cases. *See* Def's Mot. at 2 (listing cases). Therefore, plaintiff's position was not foreclosed by binding Second Circuit precedent. In a suit seeking to redress alleged constitutional violations, the Court is not inclined to sanction poorly conceived complaints unless indisputably frivolous. *See Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) (noting

2

that "[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights . . . .").

Defendants' motion is denied.[2]

**SO ORDERED**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 23, 2018

---

[2] The Court declines to award sanctions under defendants' alternative theories of relief under the same reasoning.